IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-cv-960-WHA |
| ) | |
| SHERIFF DERRICK CUNNINGHAM, ) | (wo) |
| in his official capacity as the sheriff ) | |
| of Montgomery County, Alabama, ) | |
| MONTGOMERY COUNTY ) | |
| COMMISSION, SATARUS SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

I.  INTRODUCTION

This cause is before the court on a Motion to Dismiss filed by Defendant Sheriff Derrick Cunningham in his official capacity as the sheriff of Montgomery County, Alabama (Doc. #2), and a Motion to Dismiss filed by Montgomery County and the Montgomery County Commission (Doc. #4) filed on January 4, 2016.

The Plaintiff filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama.  In the Complaint he brings 42 U.S.C. §1983 claims for violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments (count I), assault and battery (count II), negligence (count III), wantonness (count IV), and intentional infliction of emotional distress (count V). The case was removed to this court on December 30, 2015 on the basis of federal question jurisdiction, which exists because the Plaintiff has alleged violations of federal law.  28 U.S.C. §1331.

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED, but the Plaintiff will be given additional time in which to plead federal claims against Montgomery County and the County Commission.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See  Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff, Kendrick Williams ("Williams"), was shot twice on December 5, 2014 by Defendant Satarus Smith ("Smith").  At the time of the shooting, Smith was facing criminal

charges. He had been held in the Montgomery County Jail.  Smith was improperly released from jail and subsequently shot Williams once in his chest and once in his leg.  Williams suffers permanent injuries as a result of this incident.

## IV.  DISCUSSION

In the Motion to Dismiss filed by Sheriff Derrick Cunningham ("Cunningham"), Cunningham notes that he has been sued in his official capacity only, so that the federal claims against him are barred by the Eleventh Amendment to the United States Constitution and the state law claims are barred by absolute immunity.  Williams concedes the claims against Cunningham in his official capacity are barred and should be dismissed.  (Doc. #19).  Williams also argues that "upon discovery of further facts, Mr. Williams may amend his complaint to add claims against Sheriff Cunningham in his individual capacity." (Doc. #19).  That issue, however, is not presently before the court.  The Motion to Dismiss by Sheriff Derrick Cunningham is due to be GRANTED.

Montgomery County ("County") and the Montgomery County Commission ("County Commission") have moved for dismissal of the claims against them on several grounds, including that the County is not a proper defendant, and that the state law clams are barred because Williams has not alleged that he filed a Notice of Claim.

As to the ground for dismissal as to the federal claims, the movants argue that the claims must be dismissed because counties have no responsibility for the day-to-day operations of county jails or for supervision sheriffs or sheriffs' employees, citing *Turquitt v. Jefferson Co.*, 137 F.3d 1285, 1291 (11th Cir. 1998).

Williams responds that a complaint can only be dismissed if it is clear that no relief could be granted under any set of facts, citing the case of *Hishon v. King & Spalding*, 467 U.S. 69

(1984). He then contends that discovery will reveal whether the County or Cunningham should be held responsible for the challenged actions in this case. He suggests hypotheticals in his brief, such as that it may be that someone other than a jailer released Smith, so that the County could be held liable if negligent training of that person was responsible for the release of Smith. (Doc. #18 at p.5-6). He also posits that if the release was related to the condition of the jail or funding, the County could be held liable.

Williams' argument ignores the now well-settled pleading requirement in federal courts to withstand a motion to dismiss a complaint. Under the applicable standard, to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. To state a claim, a plaintiff must meet the plausibility standard, which "is not akin to a 'probability requirement,'" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to federal claims against the County and the County Commission, Williams' Complaint does not satisfy that standard. The theories of liability identified in his brief are not included in the Complaint, and, even if they were, are highly-speculative and not based on any stated facts. Therefore, the Motion to Dismiss is due to be GRANTED as to the federal claims. The court, however, will give Williams a brief additional period of time to state a plausible claim for relief under federal law against the County and/or the County Commission, if he can do so within the requirements of Rule 11 of the Rules of Civil Procedure.

As to the state law claims, the County Commission points out that no Notice of Claim was presented to it, which Williams concedes. Williams argues, however, that service of the Complaint in this case is sufficient to satisfy the notice of claim statute. Williams cites to cases such as *Elmore Cty. Comm'n v. Ragona*, 540 So. 2d 720 (Ala. 1989), in which a notice of claim was presented and was held to be sufficient to meet the requirements of the statute.

Under Alabama law "[a]ll claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred . . . ." Ala. Code § 11-12-8. And, an "action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant." Ala. Code § 6-5-20(a).

The purposes of the statutes are to provide the county an opportunity to audit and investigate claims against it, *Helms v. Barbour County*, 914 So. 2d 825, 829 (Ala.2005), and to guard against excessive demands on the revenue in a particular year growing out of occurrences in the too distant past. *Rice v. Tuscaloosa County*, 4 So. 2d 497, 499 (1941); *see also Steadham v. Sanders*, 941 F.2d 1534, 1537 (11th Cir. 1991) (stating that "[i]In order to sue a county, Section 6-5-20 requires that a claimant first present the claim to the county commission so that it may be allowed, reduced, or disallowed.") The "motivation behind the creation of a statute of nonclaim in addition to a statute of limitations was to provide county governments with a broader defense than that provided by the statute of limitations, to bar not only remedies but also to extinguish debts and liabilities." *Jacks v. Madison Cty.*, 741 So. 2d 429, 432 (Ala. Civ. App. 1999) (quotation and citation omitted).

As the County Defendants point out, the Alabama Court of Civil Appeals has affirmed summary judgment to a county commission where no notice of claim was presented. *See Ford v.*

*Jefferson Co.*, 774 So. 2d 600, 606 (Ala. Civ. App. 2000).  The *Ford* court distinguished the *Ragona* holding, explaining that it only excused minor deficiencies in a notice of claim, and explained that actual notice in a form other than a notice of claim does not satisfy the notice of claim statutes objectives. 774 So., 2d at 606.*; see also Cobb v. Aponte,* No. 2:10cv175-CSC, 2010 WL 2609279, at *2 (M.D. Ala. June 28, 2010) (finding that actual knowledge of facts in a criminal complaint does not satisfy a statute of nonclaim).   The *Ford* court expressly stated that it rejected the "contention that the [plaintiffs' state court] complaint was sufficient notice of any state-law claims to fulfill §6-5-20."  *Ford*, 774 So. 2d at 606.

While the cases cited by Williams may have allowed for liberal interpretation of the notice of claim which was presented, Williams has not cited the court to a case in which state law claims were allowed to proceed against a county where no notice of claim at all was presented to the county commission prior to filing suit.

Given the application of state statutory law as discussed above, this court concludes that Williams' filing of a complaint in state court was not sufficient to meet the Notice of Claim requirements under Alabama law, and that the state law claims against Montgomery County and the County Commission, are due to be dismissed.  *See Hobbs v. Mobile Cty.,* 72 So.3d 12, 15 (Ala. 2011) (noting that plaintiffs conceded that negligence and other claims for legal remedies were barred for failure to comply with the requirement of presentment of their claims to the county commission before filing suit).

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss Defendant Sheriff Derrick Cunningham, in his official capacity as the Sheriff of Montgomery County, Alabama (Doc. #2) is GRANTED and Derrick Cunningham is DISMISSED as a Defendant in this case on the basis of Eleventh Amendment and absolute immunity.

2. The Motion to Dismiss filed by Montgomery County and the Montgomery County Commission (Doc. #4) is GRANTED.  The federal claims are DISMISSED without prejudice to being timely re-pled and the state claims asserted against Montgomery County and the Montgomery County Commission are DISMISSED with prejudice.

3. The Plaintiff is given until **April 15, 2016** to file an Amended Complaint which, in compliance with M.D. Ala. Local Rule 15.1, is complete unto itself and which, as discussed above, states a plausible federal claim for relief against Montgomery County and/or the Montgomery County Commission, if the Plaintiff can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Done this 28th day of March, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE